At this time we'll hear United States v. Reed. Good afternoon, your honors. Allegra Glashauser, representing Jonathan Reed. Mr. Reed was recently released from solitary confinement and returned to the Bronx. He was depressed, self-medicating with marijuana, but seeking help. He accidentally went to the courthouse with a small amount of marijuana in his pocket. When it was found, he ran, and an officer chasing him fell. Mr. Reed made a series of bad decisions. He fell down the stairs, I think. I believe that's correct, your honor, but was not injured. Mr. Reed made a series of bad decisions. That's not in dispute. But an above-guideline sentence, which was higher than even the government was seeking, was not reasonable. First, the court explained its above-guideline sentence clearly. The court said the above-guideline sentence is necessary because of the seriousness of the offense that you committed. The seriousness of the offense is the one sentencing factor that has limited... I don't agree with that, your honor. In presenting the introduction about what generally the purposes of sentencing are, the court correctly laid out the purposes of a supervised release sentencing. However, when the court turned to the facts of Mr. Reed's case and started to analyze the appropriate sentence for Mr. Reed, the court never mentioned the breach of trust. And then after the specific sentence, there was some colloquy where, again, the judge mentioned breach of trust. After counsel objected to the court's clear statement that the above-guideline sentence was because of the seriousness of the offense, the court, again, correctly explained, encanted, the standard that should be used at a supervised release violation. But when you look at the actual analysis of the sentencing, the court does not mention breach of trust with respect to Mr. Reed. We've read the record and know exactly what the judge said here repeatedly about breach of trust. But let me ask you, why do you think that the seriousness of the violation is unrelated to the breach of trust? I mean, repeated violations of the law, which is what your client was doing by being in possession of and ingesting marijuana, is very different from going to New Jersey without permission of your parole officer. And so to the extent that the violation is itself criminal conduct, and to the extent that it is more or less serious criminal conduct, I mean, if someone committed a violent crime, that would be different. Why isn't that? That shows the degree to which there has been a breach of trust. Well, I don't agree with that, Your Honor, with respect to the marijuana. Mr. Reed had been using marijuana since he was 13 years old. Using and abusing— It doesn't make it any more legal. He had been given the benefit of a period of supervision, and he was in repeated violation of it. There were persistent marijuana abuse. Well, he was addicted to marijuana. That's true. He also wasn't—it wasn't really a benefit, his supervision. That goes to the weight you think it should have been given. But the court thought that it was a serious breach of trust. I mean, he not only is ingesting marijuana, he's bringing it to the courthouse. He's in possession in the courthouse of a controlled substance. But the court didn't frame that as a breach of trust. The court framed that as a serious— Well, I would disagree with your reading of the court's statements, but you're trying to suggest that it was all about the seriousness of the violation, and I think Judge Sullivan understood that breach of trust was the critical factor, but here he dealt with—he was explaining that the breach was reflected in a serious violation. Why is that not right? Well, linguistically it's difficult. If you equate breach of trust and say that's the same as seriousness of violation, then this Court's case law and the guidelines sort of fall apart. No, he's not followed what I've said. He said these are violations that are serious, and they're violations that go to the sort of breach of trust with the court. And after a few more sentences, he says the sentence is supposed to reflect that breach of trust. It is less about punishing the conduct itself because he could be criminally prosecuted for the conduct. But he viewed this as a serious breach of trust. You're telling us there's error here, and I'm not sure I'm seeing it. When I read the language of what the court said, he said, I'm really shocked, really appalled at what you've done. It was a big deal. It was pretty terrible. We have to focus on the seriousness of the offense. He also focuses on the seriousness of the underlying crime, saying it was terrifying, the gun possession charge. Well, that's appropriate because basically what he's being sentenced for now is the underlying crime. It's a conclusion that being given supervision was unwarranted and that he should have been given a longer sentence. I don't believe that's correct, Your Honor. This was not a probation situation. Mr. Reed was sentenced on the original offense to more than probation recommended and a within-guideline sentence. He was not given a break at his original sentencing. So this is not a situation where somebody gets probation instead of incarceration and then violates probation, and the court is resentencing based on the underlying offense. Mr. Reed served a full 33 months of imprisonment in addition to three months of state incarceration, which the court had taken into account in giving him 33 months instead of 36 months. So in the court's view, the original sentence was actually towards the high end of the guideline range. Would you remind me, are you arguing also that it was improper for the district court to consider the seriousness of the offense here? No. This court has made clear that it's okay to consider it to a limited extent. So it's the limited degree language that you're relying on. Correct. And you're saying by using the word, I focus, or whatever the word was, that indicated that he relied, that the district court judge relied on the seriousness of the defendant's offense to a greater degree than was appropriate. Yes, Your Honor, and defense counsel recognized that immediately and objected, which I don't have vast experience, but it's not that usual that there are preserved sentencing errors. Because the judge used such clear language, said the above guideline sentence, less than 18 months would not do justice to the seriousness of the offense that you have committed. The court made it clear what it was relying on, and that's not what's appropriate in the supervised release context. Thank you. May it please the court. My name is Siddhartha Kamaraju, and I represent the United States on appeal, as well as I represented the United States before Judge Sullivan in the district court. I think both Judge Lea and Judge Raji hit on the critical issue here. Judge Sullivan did exactly what the law commanded with respect to sentencing the appellate for his violation of supervised release. He framed the argument, or he framed his sentence first in terms of a breach of trust, and then analyzed the factors that determined how significant a breach of trust was, and this was a profound breach of trust. This was one that involved not only repeated and rapid failures of drug tests, and by that I mean almost immediately after the defendant was released and placed on supervised release, but then culminated in the defendant coming to the courthouse with a controlled substance and then fleeing. So your adversary is arguing, I think, that, sure, he acknowledged that it was also a breach of trust, but he focused to an undue degree on the seriousness of the offense conduct and that that was improper because we've got the limited degree language. What's your response to that? So I think opposing counsel unfairly parses Judge Sullivan's language there. What he did was repeatedly is he considered the seriousness of offense in the context of other factors that this Court has said is appropriate. So, for example, he said specifically this sentence is about deterrence, this sentence is about protecting the public, and he focused on the seriousness of the offense in that context and how this occurred at a courthouse and how at a courthouse, a public space where children and the elderly appear, there was a necessary rationale to ensure that the public was protected, not only from people barreling through the courthouse on a chase, but also so that people did not feel afraid. That is precisely what this Court said in the United States v. Williams was appropriate. In fact, in Williams, the Court said it was impossible to consider factors like deterrence and promotion of public safety without looking at the seriousness of offense. This case is a paradigmatic example of that. How can one consider how the public safety threat should be addressed without considering what the threat is? So Judge Sullivan did exactly what this Court commanded, and I think what you see repeatedly, and Your Honor mentioned how often he repeated breach of trust, he also repeatedly stated that this was about deterrence. He explicitly stated that. And when questioned or when the objection occurred, he again repeated that breach of trust was the primary factor, but the public safety and the nature of the conduct went into examining exactly how egregious a breach it was, and that's entirely appropriate. That's exactly what the Court said should happen in Williams. Is there a written statement explaining the reasoning? No, Your Honor, beyond the Court explaining his reasoning at the sentencing hearing. But I think very thoughtfully and detailed, and in a detailed manner, tied every aspect of the sentence back to a factor that's been determined to be permissible, and that in fact stands in stark contrast to the one case that the appellant principally replies on, which is the Sandema case, where there the Court said, look, our problem here is we can't figure out how the district court arrived at such a substantial variance, and in that case the sentence was 36 months, 26 months over the top end of the guidelines range, whereas here you have a four-month variance from the top range of the guidelines for simply the Grade B offense, in addition to which you also had four other violations, each of which had guidelines ranges of 5 to 11 months. Here Judge Sullivan, in contrast, specifically articulated his basis. He did focus on it being a courthouse, but his focus on it being a courthouse was tied explicitly to a need to protect the public and deter others from doing that. And this Court has said repeatedly, whether in Williams, whether in Sandema, or Burden, that that is permissible, that that's in fact the way that you consider seriousness of the offense. So... But parolee committing criminal conduct within the courthouse comes close to being the contempt, doesn't it? It does, Your Honor. In terms of the breach of trust. It does, Your Honor. That's why I think you can't analyze the scope of the breach or the nature of the breach without looking at the conduct here. You can't just parse it out and say it's impossible to consider, or excuse me, you can't just parse it out and say, look, he should have just focused on the breach of trust without talking about what the conduct actually was. The problem, the issue is that your adversary is pointing out we've used the language of a limited degree. I don't know what that means. Yes, Your Honor. I don't know how to assess that. Yes, Your Honor. I think you're right. There is certainly in the guidelines and then also in case law interpreting the guidelines, a limited degree is language that's been used for how you're supposed to factor seriousness of offense by itself. And Williams itself does not say that seriousness of offense cannot be taken into as a factor. But that's not what Judge Sullivan did here. He certainly quoted and discussed the seriousness of the offense. But at every single opportunity, he tied it back to factors that the statute, 3583, explicitly required the court to consider. What the appellant's position is, essentially, is that Judge Sullivan shouldn't have considered the factors that the statute told him to. Because there's no way, as this Court recognized in Williams, to consider all of those factors without looking at what actually happened. She disclaims that argument. So she is pointing out that he seemed to focus on the seriousness of the offense to an undue degree, not a limited degree. That's the debate. No, Your Honor, I understand. What I was referring to there is simply when you look at the factors that are supposed to drive the analysis for what constitutes a breach of trust, among them are 3553A1, the nature and circumstances of the offense. That's one of the statutorily articulated factors. There's no way for Judge Sullivan to consider that factor without then addressing what actually happened here. And that's essentially what they are asking, is do not consider what actually happened or consider it to a degree where it practically does not matter. And that is an impossible analysis to undertake, particularly for a district court judge confronted with such a persistent problem. So unless the Court has any other questions, the government would rest on its submissions and ask that the judgment below be affirmed. Thank you. We'll hear from her. So in preparing for this, I spent some time thinking about what a limited degree means and how it fits into this Court's case law and Supreme Court case law. And I think one answer is that the goals of sentencing for a violation of supervised release are different than the goals at your original sentencing because supervised release is supposed to be this period of transition and rehabilitation. To the extent that somebody commits a new crime, as Judge Raji points out, that can be charged as a new crime in the government's discretion, either the state or the federal government. The supervised release violation isn't focused on that. It's focused on what the violation means in terms of the conditions of release and the trust that the Court has put in the person. You don't think it's a larger breach of trust to engage in criminal conduct than to engage in non-criminal conduct? Maybe, but here, the criminal conduct, as far as marijuana usage... I mean, Governor Cuomo just announced that that would no longer be criminal and that would be a priority, that in the state it would become non-criminal. But it's still federally criminal. Of course it's still federally criminal, but to the extent that we're now considering the seriousness of the criminal conduct, I think this is exactly... That goes to wait. Well, I think it goes to the fact that... It was persistent and it was in the courthouse now. So your argument, though, is that it should be different from considering the crime that can be dealt with by indictment and charge. But you have to show us why the judge abused his discretion here. Yes, Your Honor. And I think the reason... It's important that the crime is dealt with by a different entity. Because of that, the court sitting in judgment on the supervised release violation isn't asked to engage in this weight of how bad the crime is. That's really a question for somebody else. This court here made clear that its focus was on the seriousness of the offense. And if this court's case law is to mean something, that it has to be considered only to a limited degree, it can't be okay for the court to say, I am focusing on the seriousness of offense as driving your guidelines above the range that is called for in the sentencing guidelines. But is it permissible to consider how serious the offense is in deciding, therefore, how serious the breach of trust is? Yes, right. It is permissible to a limited extent. And limited extent has to mean something. Otherwise, you know, it just doesn't... This court's case law starts to fall apart. You don't challenge the fact that there's no written statement of the reasons for the sentence here, is that correct? I have not, Your Honor. Thank you. Thank you both. We'll reserve decision.